**ERIC S. FISH**
California State Bar No. 280992
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Lauren_Williams@fd.org

Attorneys for Ms. Irma Bautista-Garcia

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IRMA BAUTISTA-GARCIA,<br><br>Defendant. | CASE NO.:  19-cr-7045-WQH<br><br>Hon. William Q. Hayes<br>Courtroom 14B<br>Date: TO BE SET<br>Time: TO BE SET<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MS. BAUTISTA-GARCIA'S MOTION TO DISMISS** |

## I. INTRODUCTION

Irma Bautista-Garcia has pled guilty to one count of attempted reentry of a removed alien, under 8 U.S.C. § 1326, in case number 19-CR-00310. She is currently scheduled for sentencing in that case on April 15, 2019. She is also on probation out of the Western District of Texas in case number 18-CR-2599. That case was transferred to this District on March 19, and assigned case number 19-CR-7045. There is currently no future court date for the order to show cause on her alleged probation violation.

Ms. Bautista-Garcia requests the soonest practicable hearing date to contest the petition for violation of her probation in this case. The petition should be dismissed, because she did not have adequate notice that she was placed on probation. Her sentencing hearing in the Western District of Texas occurred in

English and Spanish, and her native language is Triqui Bajo. She does not speak Spanish well enough to understand that the judge sentenced her to probation.

## II. MS. BAUTISTA-GARCIA DID NOT KNOW THAT SHE WAS SENTENCED TO PROBATION, BECAUSE THE PROCEEDING OCCURRED IN SPANISH

On October 17, 2018, Irma Bautista-Garcia pled guilty and was sentenced to a misdemeanor violation of 8 U.S.C. § 1325. *See* Exhibit A (transcript of plea and sentencing in the Western District of Texas). That hearing was conducted in English with the assistance of a Spanish interpreter. *See id.* at 2. Ms. Bautista-Garcia was sentenced to three years of non-reporting misdemeanor probation. *Id.* at 33.

Ms. Bautista-Garcia has submitted a sworn declaration to the Court. Exhibit B. In that declaration, she explains that she did not know that she was sentenced to probation in the Western District of Texas because the sentencing proceeding was not translated into her native language of Triqui Bajo. *Id.* at 2. Ms. Bautista-Garcia grew up in the village of Putla De Guerrero, Oaxaca, and grew up speaking exclusively Triqui. *Id.* at 1. She never attended school past elementary school, because there was no school available in her town. *Id.* While she does speak some basic Spanish, she does not understand legal concepts in Spanish, and she cannot understand Spanish when it is spoken quickly. *Id.*

The defense is also submitting as an exhibit the evaluation of a Triqui interpreter, Monica De Jesus Ramirez, who provided telephonic interpretation while defense counsel met with Ms. Bautista. Exhibit C. Ms. Ramirez concludes based on her conversation with Ms. Bautista that Ms. Bautista is not fluent in Spanish, and cannot understand legal terminology in Spanish or understand the language when it is spoken quickly. *Id.* Ms. Ramirez also notes that Ms. Bautista is much slower to respond when speaking Spanish, and has to pause and think before answering questions. *Id.*

1    The transcript of the sentencing hearing from the Western District of Texas confirms Ms. Bautista-Garcia's limited Spanish ability. She was one of five defendants pleading guilty and being sentenced at that hearing. Exhibit A at 2. The judge addressed every question to all five defendants, and they all gave the same one-word response to each question. Exhibit A (throughout). Ms. Bautista was questioned third in order each time the court addressed the defendants during the guilty plea. *Id.* Her answer to nearly every question was either "yes" or "no," and was the same in each instance as the two defendants questioned before her. *Id.* The only two exceptions are when Ms. Bautista was asked how much school she has had, and she responded "Elementary school," and when she asked how she pleaded, to which she responded "guilty." *Id.* at 7, 22. In both of these instances, Ms. Bautista gave the same answer as the defendant immediately before her. *Id.* at 7, 22.

Of particular note, when the defendants were each given the opportunity to address the court, all three of the defendants who went before Ms. Bautista gave monologues asking for a short sentence and explaining their reasons. *Id.* at 30-32 (sentencing colloquys with defendants Luna, Solis, and Diaz). However, when Ms. Bautista was asked if she wished to say anything before the sentence was pronounced, she responded simply "No." This is further evidence to confirm her limited Spanish ability.

### III.  THE PETITION FOR REVOCATION OF PROBATION SHOULD BE DISMISSED ON DUE PROCESS GROUNDS

Ms. Bautista-Garcia did not have adequate notice that she was on probation because the sentencing proceeding was not translated into her native language. Therefore, to sentence her for a probation violation would violate her fundamental due process rights. The petition should be dismissed on constitutional due process grounds.

The Supreme Court has long held that probation revocations must meet the

standards of constitutional due process. *See Gagnon v. Scarpelli*, 441 U.S. 778 (1973). The right to due process of law includes a right to fair warning that certain conduct can lead to a probation violation and therefore a deprivation of liberty. In *United States v. Grant*, the Ninth Circuit reversed a probation violation on direct appeal because the district court "did not provide fair prior warning to the defendant that nonpayment of the fine could result in a loss of liberty." *United States v. Grant*, 816 F.2d 440, 442 (1987). In particular, the panel in that case concluded that "The defendant cannot be deprived of her liberty interest in probation without prior fair warning that a particular act or failure to act might result in the forfeiture of her liberty." *Id.*

Here, Ms. Bautista-Garcia did not receive adequate prior warning that she could be subjected to a probation violation if she returned to the United States, because the proceeding at which she was sentenced to probation was not translated to her in her native language. As she states in her sworn declaration, she did not understand that she was sentenced to probation because the sentencing happened in English and Spanish. Exhibit B.

A criminal defendant has both a statutory and a constitutional right to have criminal proceedings translated into a language they can adequately understand. The Court Interpreters Act, 28 U.S.C. § 1827(d)(1), places a duty on the trial court judge to inquire as to the need for an interpreter when a defendant has difficulty with English. *See United States v. Si¸* 333 F.3d 1041 (9th Cir. 2008); *Valladares v. United States*, 871 F.2d 1564, 1565 (11th Cir. 1989). In addition, the Fifth and Sixth Amendments to the Constitution require that a criminal proceeding be adequately translated to the defendant so that they can understand what is happening. *Si*, 333 F.3d at 1042 (citing *United States ex rel. Negron v. New York*, 434 F.2d 386, 390 (2d Cir. 1970)). This logic extends to plea and sentencing proceedings, which are the heart of modern criminal practice. *Cf. Missouri v. Frye*, 566 U.S. 134, 143–44 (2012) ("Because ours is for the most part a system of pleas, not a system of trials,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

it is insufficient simply to point to the guarantee of a fair trial as a backstop that inoculates any errors in the pretrial process.").

In the civil immigration context, the Ninth Circuit has also recognized the fundamental right to have access to a court interpreter if they do not speak fluent English. *See Tejeda-Mata v. Immigration & Naturalization Serv.*, 626 F.2d 721, 726 (9th Cir. 1980) ("[W]hen an alien is charged with having entered the United States illegally, he or she is entitled to a full and fair hearing prior to deportation . . . and this court and others have repeatedly recognized the importance of an interpreter to the fundamental fairness of such a hearing if the alien cannot speak English fluently."); *Perez-Lastor v. I.N.S.*, 208 F.3d 773, 778 (9th Cir. 2000) (recognizing a right not just to interpretation, but to *competent* interpretation in the immigration context). If competent interpretation is required in the civil immigration context, it must surely also be required in the criminal context where a defendant is directly subjected to loss of liberty.

Because she was sentenced to probation in a language she does not adequately understand, Ms. Bautista-Garcia was denied her fundamental right to receive notice that she can be subjected to a probation violation. For that reason, to sentence her in this case would violate her due process rights.

**IV.   CONCLUSION**

For the reasons discussed above, the Court should dismiss the petition to violate Ms. Bautista-Garcia's probation.

Respectfully submitted,

Dated:  April 11, 2019            *s/ Eric Fish*
                                  Eric S. Fish
                                  Federal Defenders of San Diego, Inc.
                                  Attorneys for Ms. Bautista-Garcia
                                  Email:  Eric_Fish@fd.org

5                                           19-cr-7045-WQH
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# CERTIFICATE OF SERVICE

Counsel for the Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

Jill Streja
Assistant U.S. Attorney

                                Respectfully submitted,

Dated:  April 11, 2019        *s/ Eric Fish*
                                        ERIC S. FISH
                                        Federal Defenders of San Diego, Inc.
                                        Attorneys for Ms. Bautista-Garcia

                                        Email:  Eric_Fish@fd.org