# EXHIBIT A

1                  UNITED STATES DISTRICT COURT

2            FOR THE WESTERN DISTRICT OF TEXAS

3                     EL PASO DIVISION

4

5  UNITED STATES OF AMERICA    )  No. EP-18-CR-2599-DB
                            )

6  vs.                      )  El Paso, Texas
                            )

7  IRMA BAUTISTA-GARCIA      )  October 17, 2018

8

9

10                    PLEA AND SENTENCE

11

12

13  A P P E A R A N C E S:

14  FOR THE GOVERNMENT:  MR. CHRIS SKILLERN
                        Assistant United States Attorney

15                       700 E. San Antonio, Suite 200
                       El Paso, Texas  79901

16

17  FOR THE DEFENDANT:   MR. JOSE F. MONCAYO
                        Assistant Federal Public Defender

18                       700 E. San Antonio, Room D-401
                       El Paso, Texas  79901

19

20

21

22

23

24     Proceedings reported by stenotype.  Transcript produced by

25  computer-aided transcription.

```
1    (Rafael Carrillo sworn to interpret Spanish into English.)

2              THE COURT:  The clerk will call the cases.

3              THE CLERK:  EP-18-CR-2562, Arturo Luna-Dominguez;

4    EP-18-CR-2602, Pedro Diaz-Diaz; EP-18-CR-2599, Irma

5    Bautista-Garcia; EP-18-CR-2608, Samuel Solis-Ojeda; and

6    EP-18-CR-1743, Eduardo Estrada.

7              MR. SKILLERN:  Good morning, Your Honor.  Chris

8    Skillern on behalf of the Government.

9              MR. MONCAYO:  Good morning, Your Honor.  Jose Moncayo

10   on behalf of Arturo Luna-Dominguez and also on behalf of Pedro

11   Diaz-Diaz.

12             And standing in for Mr. Margarito Rodriguez for Irma

13   Bautista-Garcia.

14             And also standing in for Mr. Margarito Rodriguez for

15   Samuel Solis-Ojeda.  And we are ready to proceed on plea and

16   sentence on all four cases, Your Honor.

17             MR. HOLGUIN:  And good morning, Your Honor.  Edgar

18   Holguin for Mr. Estrada.  I'm ready, Your Honor.

19             THE COURT:  I understand that you are all here to

20   enter a plea of guilty.  Mr. Dominguez, Mr. Diaz, Ms. Bautista,

21   and Mr. Solis, the Grand Jury issued a one-count Indictment

22   charging you with illegal reentry after deportation, and it's

23   my understanding that you're going to enter a plea of guilty

24   here today.

25             Is that true and correct, Mr. Luna?
```

```
1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  Is your true and correct name Arturo

3    Luna-Dominguez?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  Is that true and correct, Mr. Diaz?

6              THE DEFENDANT:  Yes.

7              THE COURT:  And your full name is Pedro Diaz-Diaz?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Is that true and correct, Ms. Bautista?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And your name -- your true name is Irma

12   Bautista-Garcia?

13             THE DEFENDANT:  Yes.

14             THE COURT:  And is that true and correct, Mr. Solis?

15             THE DEFENDANT:  Yes.

16             THE COURT:  And your true name is Samuel Solis-Ojeda?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Mr. Estrada, the Grand Jury returned a

19   two-count Indictment in your case and it's my understanding

20   you're entering a plea of guilty to Count One.  Count One

21   charges you with the unlawful importation of 50 grams or more

22   of methamphetamine.

23             Do you understand what you have been charged with in

24   the first count of your Indictment, Mr. Estrada?

25             THE DEFENDANT:  Yes, Your Honor.
```

```
 1              THE COURT:  Are you going to enter a plea of guilty
 2     here today to the first count of your Indictment, sir?
 3              THE DEFENDANT:  Yes, Your Honor.
 4              THE COURT:  Now, I'm going to presume that all of you
 5     have been informed by your attorney as to what your rights are.
 6     One of those rights is that you do not have to testify or
 7     answer any of my questions, but if you are here to enter a plea
 8     of guilty, I will need to ask you many questions and if you
 9     want to enter your plea, it will be necessary that you answer
10     my questions.
11              Are you willing to waive your right to remain silent
12     and will you answer my questions, Mr. Luna?
13              THE DEFENDANT:  Yes.
14              THE COURT:  Mr. Diaz?
15              THE DEFENDANT:  Yes.
16              THE COURT:  Ms. Bautista?
17              THE DEFENDANT:  Yes.
18              THE COURT:  And Mr. Solis?
19              THE DEFENDANT:  Yes.
20              THE COURT:  Mr. Estrada?
21              THE DEFENDANT:  Yes, Your Honor.
22              THE COURT:  The clerk is going to swear in all of you.
23         (Defendants duly sworn.)
24              THE INTERPRETER:  "Yes" or "Yes, Your Honor" by all.
25              THE COURT:  Do you understand that you've taken an
```

1   oath to respond truthfully?  If you do not respond truthfully

2   you could be subjected to the penalties of perjury?

3            Do you understand, Mr. Luna?

4            THE DEFENDANT:  Yes, sir.

5            THE COURT:  Mr. Diaz?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Ms. Bautista?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Mr. Solis?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Mr. Estrada?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  Are you under the influence of any drugs,

14  medication or alcohol here today, Mr. Luna?

15           THE DEFENDANT:  No, sir.

16           THE COURT:  Mr. Diaz?

17           THE DEFENDANT:  No, sir.

18           THE COURT:  Ms. Bautista?

19           THE DEFENDANT:  No.

20           THE COURT:  Mr. Solis?

21           THE DEFENDANT:  No.

22           THE COURT:  Mr. Estrada?

23           THE DEFENDANT:  No, Your Honor.

24           THE COURT:  Have you understood everything that we

25  have done up to now and what else we're going to be doing here

| | |
|---|---|
| 1 | this morning, Mr. Luna? |
| 2 | THE DEFENDANT:  Yes, sir. |
| 3 | THE COURT:  Mr. Diaz? |
| 4 | THE DEFENDANT:  Yes, sir. |
| 5 | THE COURT:  Ms. Bautista? |
| 6 | THE DEFENDANT:  Yes. |
| 7 | THE COURT:  Mr. Solis? |
| 8 | THE DEFENDANT:  Yes, sir. |
| 9 | THE COURT:  Mr. Estrada? |
| 10 | THE DEFENDANT:  Yes, Your Honor. |
| 11 | THE COURT:  If there is something you do not |
| 12 | understand, bring it to the attention of your attorney or bring |
| 13 | it to my attention. |
| 14 | Mr. Luna, I understand that you are 21 years old; is |
| 15 | that correct? |
| 16 | THE DEFENDANT:  Yes, sir. |
| 17 | THE COURT:  How much education do you have? |
| 18 | THE DEFENDANT:  I completed high school. |
| 19 | THE COURT:  Mr. Diaz, I understand that you are 36 |
| 20 | years old; is that correct? |
| 21 | THE DEFENDANT:  Yes. |
| 22 | THE COURT:  How much education do you have? |
| 23 | THE DEFENDANT:  No. |
| 24 | THE COURT:  None? |
| 25 | THE DEFENDANT:  None. |

```
 1                THE COURT:  What kind of work do you usually do?
 2                THE DEFENDANT:  In construction.
 3                THE COURT:  Ms. Bautista, I understand that you are 30
 4      years old; is that correct, ma'am?
 5                THE DEFENDANT:  Yes.
 6                THE COURT:  How much education do you have?
 7                THE DEFENDANT:  Elementary school.
 8                THE COURT:  Mr. Solis, I understand that you are 27
 9      years old; is that correct, sir?
10                THE DEFENDANT:  Yes.
11                THE COURT:  How much education do you have?
12                THE DEFENDANT:  Elementary school.
13                THE COURT:  Mr. Moncayo, any reason to question the
14      competency of Mr. Luna, Mr. Diaz, Ms. Bautista or Mr. Solis?
15                MR. MONCAYO:  No, Your Honor.
16                THE COURT:  Mr. Estrada, how old are you, sir?
17                THE DEFENDANT:  18.
18                THE COURT:  How much education do you have?
19                THE DEFENDANT:  I only completed middle school.  I
20      didn't finish my high school because of what's going on.
21                THE COURT:  Mr. Holguin, any reason to question the
22      competency of Mr. Estrada?
23                MR. HOLGUIN:  No, Your Honor.
24                THE COURT:  Mr. Skillern, any reason to question the
25      competency of any of the Defendants?
```

1              MR. SKILLERN:  No, Your Honor.

2              THE COURT:  I will find that all of the Defendants are

3     competent to enter their plea.

4              Now, again, to all of you, I'm presuming your attorney

5     has advised you of all of your rights.  Before I can accept

6     your plea of guilty, I will need to discuss some of these

7     rights with you.  I need to make sure you understand your

8     rights and that you're voluntarily waiving them.

9              Before I can accept your plea of guilty, each one of

10    these rights that I'm going to discuss with you must be waived

11    by you.

12             You have the right to have a trial by jury.

13             You have the right to have the Government prove you

14    guilty beyond a reasonable doubt.

15             You have the right to be presumed innocent.

16             You have the right to an acquittal.  An acquittal is a

17    finding of not guilty if the Government fails to prove you

18    guilty beyond a reasonable doubt.

19             You have a right to confront and question any witness

20    brought forth by the Government.

21             You have the right to object to evidence offered by

22    the Government.

23             You have the right to offer evidence in your own

24    behalf.

25             You have the right to object to the makeup or

9

1   composition of the Grand Jury that returned the Indictment

2   against you.

3         I've already informed you of your right to remain

4   silent, but you also have the right to have the Court advise

5   the jury, in the event of a trial where you did not testify,

6   that the jury could not consider that fact against you for any

7   purpose.

8         Now, if you persist in pleading guilty and if I do

9   accept your plea of guilty, you must understand that you will

10  first have to waive your right to trial and these other rights

11  that I've just discussed with you.

12        If you do plead guilty, there will be no trial.  I

13  will enter a judgment of guilty and then sentence you on the

14  basis of your guilty plea after I have considered a Presentence

15  Report that is going to be prepared by the U.S. Probation

16  Office only on Mr. Estrada.

17        Now, having discussed these rights with you I need to

18  know first of all if you've understood all of them, Mr. Luna?

19              THE DEFENDANT:  Yes, sir.

20              THE COURT:  Mr. Diaz?

21              THE DEFENDANT:  Yes, sir.

22              THE COURT:  Ms. Bautista?

23              THE DEFENDANT:  Yes, sir.

24              THE COURT:  Mr. Solis?

25              THE DEFENDANT:  Yes, sir.

```
1                THE COURT:  Mr. Estrada?

2                THE DEFENDANT:  Yes, Your Honor.

3                THE COURT:  Having understood these rights, are you

4   willing to waive them and continue with this plea of guilty,

5   Mr. Luna?

6                THE DEFENDANT:  Yes, sir.

7                THE COURT:  Mr. Diaz?

8                THE DEFENDANT:  Yes, sir.

9                THE COURT:  Ms. Bautista?

10               THE DEFENDANT:  Yes, sir.

11               THE COURT:  Mr. Solis?

12               THE DEFENDANT:  Yes, sir.

13               THE COURT:  Mr. Estrada?

14               THE DEFENDANT:  Yes, Your Honor.

15               THE COURT:  I need to inform you what the maximum

16  possible sentence can be if you enter a plea of guilty here

17  today.

18               Mr. Luna, Mr. Diaz, Ms. Bautista, Mr. Solis, if you

19  enter a plea of guilty here today to illegal reentry after

20  deportation, the maximum possible sentence that each of you may

21  receive is incarceration of 0 to 2 years, and/or a fine of 0 to

22  $250,000 plus supervised release of 0 to 1 year, and a $100

23  assessment to the Crime Victim's Fund.

24               Do you understand what the maximum possible sentence

25  can be if you enter a plea of guilty here today, Mr. Luna?
```

```
 1              THE DEFENDANT:  Yes, sir.
 2              THE COURT:  Mr. Diaz?
 3              THE DEFENDANT:  Yes, sir.
 4              THE COURT:  Ms. Bautista?
 5              THE DEFENDANT:  Yes, sir.
 6              THE COURT:  Mr. Solis?
 7              THE DEFENDANT:  Yes, sir.
 8              THE COURT:  Mr. Estrada, if you enter a plea of guilty
 9    to the unlawful importation of 50 grams or more of
10    methamphetamine, the maximum possible sentence that you may
11    receive is incarceration of 5 to 40 years, and/or a fine of 0
12    to $5 million, plus supervised release of 4 years minimum, and
13    a $100 assessment to the Crime Victim's Fund.
14              Do you understand what the maximum possible sentence
15    can be if you enter a plea of guilty here today, Mr. Estrada?
16              THE DEFENDANT:  Yes, Your Honor.
17              THE COURT:  All of you, has anyone threatened,
18    coerced, intimidated or in any way forced you to come here
19    today to enter a plea of guilty, Mr. Luna?
20              THE DEFENDANT:  No, sir.
21              THE COURT:  Mr. Diaz?
22              THE DEFENDANT:  No, sir.
23              THE COURT:  Ms. Bautista?
24              THE DEFENDANT:  No, sir.
25              THE COURT:  Mr. Solis?
```

```
 1              THE DEFENDANT:  No, sir.

 2              THE COURT:  Mr. Estrada?

 3              THE DEFENDANT:  No, Your Honor.

 4              THE COURT:  Has any promise been made to you to induce

 5   you to plead guilty here today, Mr. Luna?

 6              THE DEFENDANT:  No, sir.

 7              THE COURT:  Mr. Diaz?

 8              THE DEFENDANT:  No, sir.

 9              THE COURT:  Ms. Bautista?

10              THE DEFENDANT:  No, sir.

11              THE COURT:  Mr. Solis?

12              THE DEFENDANT:  No, sir.

13              THE COURT:  I have a plea agreement here for you

14   Mr. Estrada which indicates that you have received certain

15   promises.

16              The plea agreement that I have before me states that

17   you, Eduardo Estrada, agree to plead guilty to Count One of the

18   Indictment charging you with importation of a controlled

19   substance, that being 50 grams or more of methamphetamine.

20              Did you agree to that, Mr. Estrada?

21              THE DEFENDANT:  Yes, Your Honor.

22              THE COURT:  In exchange, the Government will dismiss

23   the remaining count of the Indictment and they'll do that at

24   sentencing.

25              Is that your understanding, Mr. Estrada?
```

1        THE DEFENDANT:  Yes, Your Honor.

2        THE COURT:  The plea agreement states what the range

3  of punishment is.  I've discussed that with you already.

4        You and the Government agree that the Court will

5  consult and take into account the United States Sentencing

6  Guidelines and the Policy Statements in determining the

7  calculation of your range of punishment under the Advisory

8  Guidelines.

9        And if you comply with all the terms of the agreement

10  and clearly and continuously demonstrate acceptance of

11  responsibility, then the Government will not oppose that you be

12  awarded a two-level adjustment for you having accepted

13  responsibility, and will move for an additional one-level

14  adjustment -- one-level decrease in addition to the two levels;

15  However, to qualify for the reduction of the guidelines, you

16  must engage -- you must not engage in any conduct that will

17  support an upward adjustment.

18        You must not violate the terms of the plea agreement,

19  and you must provide all true statements.

20        The plea agreement states what your waiver of rights

21  are.  I've discussed that with you already.

22        And you knowingly and voluntarily waive your right to

23  appeal whatever sentence that I may impose, but you retain your

24  rights to appeal if you believe your sentence is a violation of

25  your constitutional rights based on claims of ineffective

1   assistance of counsel or prosecutorial misconduct.

2          Now, if you breach the plea agreement in any respect,

3   by committing any crimes, by providing intentionally

4   misleading, false or untruthful information, if you fail to

5   appear for any hearing, or if you violate any of the terms of

6   the plea agreement, then the United States will be released

7   from its obligation under the plea agreement and will be free

8   to do any of the following:

9          Recommend at sentencing on the charges to which you

10  have pled guilty, a sentence higher than contemplated by this

11  agreement.

12         And may also move to set aside your guilty plea and

13  proceed on charges previously filed and any additional charges,

14  or seek any other remedy, relief or penalty to which it is

15  entitled to.

16         And the Government may use any statements that you

17  have made against you as evidence -- or evidence against you.

18         Now, did I correctly state the plea agreement between

19  you and the Government, Mr. Estrada?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  You concur with that, Mr. Holguin?

22         MR. HOLGUIN:  Yes, Your Honor.

23         THE COURT:  There is a sealed addendum, Mr. Estrada,

24  which I'm not going to discuss with you here; however, it has

25  been signed by you, Mr. Estrada, and one of the assistant

1  United States attorneys and this provides additional

2  information to the Court.

3          Did you sign and agree to the sealed addendum to the

4  plea agreement, Mr. Estrada?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  And you concur with that, Mr. Holguin?

7          MR. HOLGUIN:  I do, Your Honor.

8          THE COURT:  Mr. Estrada, I've discussed with you all

9  the promises made by the Government in the plea agreement.  Has

10  any other promise been made to you other than what I have

11  discussed with you here today to induce you to plead guilty?

12          THE DEFENDANT:  No, Your Honor.

13          THE COURT:  Now, to all of you, did your attorney

14  inform you of what the Sentencing Guidelines are?  Did your

15  attorney inform you that even though the guidelines are

16  advisory, ordinarily the Court will follow them, and did your

17  attorney also advise you how these guidelines are likely to be

18  applied to you in your case, Mr. Luna?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  Mr. Diaz?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Ms. Bautista?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Mr. Solis?

25          THE DEFENDANT:  Yes, sir.

```
1            THE COURT:  Mr. Estrada?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  Now, on Mr. Estrada, I'm not going to make

4    a determination today of what guidelines apply to your case.

5            The Probation Department is going to prepare a

6    Presentence Report on you.

7            When the report has been prepared, it will be turned

8    over to your attorney.  Your attorney will have the opportunity

9    to review the report with you, and you'll have the opportunity

10   to return here to court, and you may at that time point out to

11   me any corrections that you feel should be made to your report.

12           Do you understand, Mr. Estrada?

13           THE DEFENDANT:  Could you explain that to me once

14   again?

15           THE COURT:  Do you understand that the Probation

16   Department is going to prepare a Presentence Report on you?

17           When the report has been prepared, it will be turned

18   over to Mr. Holguin.  He will have the opportunity to review

19   the report with you and you will have the opportunity to return

20   here to court and you may at that time point out to me any

21   corrections that you feel should be made to your report.

22           Do you understand all that, Mr. Estrada?

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  Do all of you understand that once I have

25   made a determination of what guidelines apply to your case,
```

1   that I still retain certain authority to impose a sentence that

2   may be more severe or less severe than the sentence that is

3   called for by the Advisory Guidelines.

4           Do you understand, Mr. Luna?

5           THE DEFENDANT:  Yes, sir.

6           THE COURT:  Mr. Diaz?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Ms. Bautista?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  Mr. Solis?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Mr. Estrada?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Do you understand that you have a right to

15   appeal whatever sentence that I do impose; Mr. Luna?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Mr. Diaz?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Ms. Bautista?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Mr. Solis?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Do you understand that you may have a

24   right to appeal whatever sentence that I do impose; however, by

25   the plea agreement that you have executed with the Government,

1  you have substantially limited your rights to file an appeal.

2          Do you understand, Mr. Estrada?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Do all of you understand that if the

5  sentence that I do impose, is more severe than what you

6  expected, you will still be bound by your plea of guilty and

7  you'll have no right to withdraw it.

8          Do you understand, Mr. Luna?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Mr. Diaz?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Ms. Bautista?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Mr. Solis?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Mr. Estrada?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  You have all indicated that your attorney

19  has informed you about the Sentencing Guidelines and how the

20  guidelines are likely to be applied to you in your case.

21          Other than the information provided by your attorney

22  on the Sentencing Guidelines, has anyone made any prophecy or

23  promise to you of what sentence I'm going the give you,

24  Mr. Luna?

25          THE DEFENDANT:  Sir, could you repeat the question?

1          THE COURT:  Has anyone made any prophecy or promise to
2   you of what sentence I'm going to give you?
3          THE DEFENDANT:  No, sir.
4          THE COURT:  Mr. Diaz?
5          THE DEFENDANT:  No, sir.
6          THE COURT:  Ms. Bautista?
7          THE DEFENDANT:  No, sir.
8          THE COURT:  Mr. Solis?
9          THE DEFENDANT:  No, sir.
10         THE COURT:  Mr. Estrada?
11         THE DEFENDANT:  No, sir.
12         THE COURT:  Mr. Luna, Mr. Diaz, Ms. Bautista,
13  Mr. Solis, if you were to proceed to trial on the single-count
14  Indictment, for you to be convicted of illegal reentry after
15  deportation, the Government would be obligated to prove beyond
16  a reasonable doubt that you were an alien at the time alleged
17  in the Indictment, that you had previously been denied
18  admission, excluded, deported or removed from the
19  United States;
20         That you thereafter, attempted to enter, entered or
21  you were found unlawfully present in the United States;
22         And that you had not received the consent of the
23  Attorney General of the United States or the Secretary of
24  Homeland Security to apply for readmission to the United States
25  since the time of your previous deportation.

1    Now, do you understand if you were to proceed to trial

2    what the Government would be obligated to prove for you to be

3    convicted of illegal reentry after deportation, Mr. Luna?

4         THE DEFENDANT:  Yes, sir.

5         THE COURT:  Mr. Diaz?

6         THE DEFENDANT:  Yes, sir.

7         THE COURT:  Ms. Bautista?

8         THE DEFENDANT:  Yes, sir.

9         THE COURT:  Mr. Solis?

10        THE DEFENDANT:  Yes, sir.

11        THE COURT:  Mr. Luna, to the single-count Indictment

12   charging you with illegal reentry after deportation, how do you

13   plead, sir, guilty or not guilty?

14        THE DEFENDANT:  Guilty, sir.

15        THE COURT:  Mr. Skillern, what are you prepared to

16   prove here?

17        MR. SKILLERN:  Your Honor, the Government would show

18   that on August 8th, 2018, the Defendant, Arturo Luna-Dominguez,

19   was found by a United States Border Patrol agent in the Western

20   District of Texas approximately 2 miles east of the Ysleta Port

21   of Entry.

22        It was determined through official records of the

23   Department of Homeland Security and in an interview with the

24   Defendant that he was an alien to the United States and a

25   citizen and native of Mexico who had been previously removed

1    from the United States on August 1st of 2018.

2            The Government will further show that the Defendant

3    had not received the express consent of the Attorney General or

4    the Secretary of Homeland Security to reapply for admission to

5    the United States.

6            THE COURT:  Mr. Moncayo, any corrections to the

7    factual basis on Mr. Luna?

8            MR. MONCAYO:  No, Your Honor.

9            THE COURT:  Incidentally, the modified report, the

10   Presentence Report is incorrect as to his Criminal History

11   Category.

12           Mr. Diaz, to the single-count Indictment charging you

13   with illegal reentry after deportation, how do you plead, sir,

14   guilty or not guilty?

15           THE DEFENDANT:  Guilty.

16           THE COURT:  What are you prepared to prove as to

17   Mr. Diaz?

18           MR. SKILLERN:  Your Honor, on August 7th, 2018, the

19   Defendant, Pedro Diaz-Diaz, was found by a Border Patrol agent

20   in the Western District of Texas approximately 50 miles --

21   51 miles east of the Fort Hancock Port of Entry.

22           It was determined through official records of the

23   Department of Homeland Security and in an interview with the

24   Defendant, that he was an alien to the United States and a

25   citizen and native of Mexico.  He'd been previously removed

1   from the United States on December 7th of 2011, and had not

2   received the express consent of the Attorney General or

3   Secretary of Homeland Security to reapply for admission to the

4   United States.

5           THE COURT:  Mr. Moncayo, any corrections to the

6   factual basis on Mr. Diaz?

7           MR. MONCAYO:  No, Your Honor.

8           THE COURT:  Mr. Diaz, having heard Mr. Skillern recite

9   the facts of your case, is everything correct as he stated?

10          Mr. Diaz, is everything correct as Mr. Skillern

11  stated?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Ms. Bautista, to the single-count

14  Indictment charging you with illegal reentry after deportation,

15  how do you plead, ma'am, guilty or not guilty?

16          THE DEFENDANT:  Guilty.

17          THE COURT:  What are you to prove as to Ms. Bautista,

18  Mr. Skillern?

19          MR. SKILLERN:  Your Honor, the Government would show

20  that on August 12th, 2018, the Defendant, Irma Bautista-Garcia,

21  was found by a Border Patrol agent in the Western District of

22  Texas at the Sierra Blanca checkpoint in Sierra Blanca, Texas.

23          It was determined through official records of the

24  Department of Homeland Security that she was an alien to the

25  United States and a citizen and native of Mexico who had been

1   previously removed from the United States on July 7th of 2018,

2   and who had not received the express consent of the Attorney

3   General or Secretary of Homeland Security to reapply for

4   admission to the United States.

5          THE COURT:  Mr. Moncayo, any corrections to the

6   factual basis on Ms. Bautista?

7          MR. MONCAYO:  No, Your Honor.

8          THE COURT:  Ms. Bautista, having heard Mr. Skillern

9   recite the facts of your case, is everything correct as he has

10  stated?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Mr. Solis, to the single-count Indictment

13  charging you with illegal reentry after deportation, how do you

14  plead, sir, guilty or not guilty?

15         THE DEFENDANT:  Guilty.

16         THE COURT:  What are you prepared to prove as to

17  Mr. Solis, Mr. Skillern?

18         MR. SKILLERN:  Your Honor, on August 12th, 2018, the

19  Defendant, Samuel Solis-Ojeda, was found by a Border Patrol

20  agent in the Western District of Texas approximately 33 miles

21  southeast of the Fort Hancock Port of Entry.

22         It was determined through official records of the

23  Department of Homeland Security and in an interview with the

24  Defendant that he was an alien to the United States and a

25  citizen and native of Mexico who had been previously removed

1    from the United States on July 27th of 2018, and who had not

2    received the express consent of the Attorney General or

3    Secretary of Homeland Security to reapply for admission into

4    the United States.

5            THE COURT:  Mr. Moncayo, any corrections to the

6    factual basis on Mr. Solis?

7            MR. MONCAYO:  No, Your Honor.

8            THE COURT:  Mr. Solis, having heard Mr. Skillern

9    recite the facts of your case, is everything correct as he has

10   stated?

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  Mr. Estrada, if you were to proceed to

13   trial on Count One of your Indictment, for you to be convicted

14   of the unlawful importation of 50 grams or more of

15   methamphetamine, the Government would be obligated to prove

16   beyond a reasonable doubt that you did knowingly or

17   intentionally bring 50 grams or more of methamphetamine into

18   the United States from a place outside of the United States;

19           That you knew the substance that you were bringing

20   into the United States was a controlled substance, but you need

21   not know specifically the drug that you were importing.

22           Now, do you understand, sir, if you were to proceed to

23   trial what the Government would be obligated to prove for you

24   to be convicted of the unlawful importation of 50 grams or more

25   of methamphetamine, Mr. Estrada?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  To Count One of the Indictment charging

3    you with the unlawful importation of 50 grams or more of

4    methamphetamine, how do you plead, Mr. Estrada, guilty or not

5    guilty?

6          THE DEFENDANT:  Guilty, Your Honor.

7          THE COURT:  What are you prepared to prove here,

8    Mr. Skillern?

9          MR. SKILLERN:  Your Honor, as is contained in the

10   factual basis, the Government would show that on Monday,

11   May 28, 2018, at 5:00 p.m., Eduardo Estrada applied for entry

12   into the United States from Mexico through the pedestrian lanes

13   at the Ysleta Port of Entry in El Paso, Texas, in the Western

14   District of Texas.

15         A Customs and Border Protection officer assigned to

16   the pedestrian lanes when Estrada applied for entry received

17   Mr. Estrada's travel docket -- document.  The officer noticed

18   that Estrada was trembling.  Estrada provided a negative

19   declaration.

20         Based on Estrada's nervous behavior, the officer

21   referred Estrada to Passport Control Secondary for further

22   inspection.

23         A second officer requested a canine enforcement

24   officer and a narcotic detector dog to conduct a sniff

25   inspection of Estrada.

1      During the inspection, the dog alerted to the presence

2 of a trained odor in Estrada's groin.

3      Further inspection of Estrada revealed a tape-wrapped

4 package concealed within Estrada's groin area.  The bundle was

5 tested and yielded a positive result for the characteristics of

6 methamphetamine.

7      A total of one bundle weighing .295 kilograms of

8 methamphetamine was found on Estrada.

9      THE COURT:  Mr. Holguin, any correction to the factual

10 basis on Mr. Estrada?

11      THE DEFENDANT:  No, Your Honor.

12      THE COURT:  Mr. Estrada, having heard Mr. Skillern

13 recite the facts of your case, is everything correct as he has

14 stated?

15      THE DEFENDANT:  Yes, Your Honor.

16      THE COURT:  Since you have all acknowledged that you

17 are guilty as charged -- as to Mr. Luna, Mr. Diaz,

18 Ms. Bautista, and Ms. Solis as charged in the single-count

19 Indictment, and Mr. Estrada as charged in Count One of your

20 Indictment, and since you have all acknowledged that you know

21 your right to trial and what the maximum punishment can be, and

22 since you voluntarily have entered a plea of guilty, I will

23 accept your plea and enter a judgment of guilty as to Mr. Luna,

24 Mr. Diaz, Ms. Bautista and Mr. Solis, guilty of the

25 single-count Indictment, and guilty Mr. Estrada of Count One of

1    your Indictment.

2             Sentencing for Mr. Estrada is scheduled for December

3    the 19th, Mr. Holguin, at 9:30 a.m.

4             Mr. Estrada and Mr. Holguin, you both may be excused.

5             THE DEFENDANT:  Thank you.

6             THE COURT:  Mr. Moncayo, did you receive the modified

7    report on all your clients?

8             MR. MONCAYO:  I did, Your Honor.

9             THE COURT:  You have no objection to any of them?

10            MR. MONCAYO:  No, Your Honor.

11            THE COURT:  Do you understand that Mr. Luna's is

12   incorrect?

13            MR. MONCAYO:  I did, Your Honor.  I just caught it

14   right now as soon as you mentioned it.  I apologize to the

15   Court.

16            THE COURT:  As to Mr. Luna and Mr. Solis -- well, as

17   to all four of the Defendants, they all start with an 8.  They

18   get credit for acceptance; drops them to a 6.  Mr. Luna,

19   Mr. Diaz, Mr. Solis are all Criminal History Category II

20   subjecting them to a possible guideline sentence of 1 to 7

21   months, supervised release up to 1 year, possible probation up

22   to 5 years, possible fine, possible assessment.

23            Ms. Bautista is a Criminal History Category of I

24   subjecting her to a possible sentence of 0 to 6 months, again

25   up to 1 year of supervised release, up to 5 years probation,

1    and possible fine and assessment.

2              Do you concur as to all your clients, Mr. Moncayo?

3              MR. MONCAYO:  I do, Your Honor.

4              THE COURT:  Now, I suppose you're going to tell me

5    that Mr. Luna is not going to come back after a month now?  Not

6    even that.  What was it, two weeks?

7              MR. MONCAYO:  Your Honor --

8              THE COURT:  After being convicted by Judge Schydlower.

9              MR. MONCAYO:  Yes, Your Honor.  As the Court stated,

10   Your Honor, however, I would like the Court to take notice

11   aside from the fact that it was two weeks, Your Honor, is that

12   apparently some people, when they come and they get a light --

13   a light punishment such as probation, in their mind it sets

14   that it's worth the risk to come back if the only punishment is

15   they're going to get supervised release; however, in this case,

16   Your Honor, Mr. Luna has been in custody for two and a half

17   months now and he has understood that coming back now again

18   would -- in the future would lead to only more punishment,

19   possibly even a year, Your Honor.

20             So Mr. Luna knowing the consequences and understanding

21   now that there are no more breaks here, Your Honor, and being

22   that the sentence he's looking at is 1 to 7 months, he's

23   already served almost half of that guideline sentence,

24   Your Honor, we're asking that the Court look -- that there

25   is -- there's nothing more that can be for Mr. Luna to learn by

1    him staying in jail for another four, two or three months,

2    Your Honor.  So we're asking the Court for a sentence of time

3    served or in any alternative supervised release [sic],

4    Your Honor.  Thank you.

5            THE COURT:  You're going to adopt that same argument

6    for allocution as to Mr. Solis?

7            MR. MONCAYO:  Yes, sir.

8            THE COURT:  Identical almost, except two days between

9    their -- two days in between their conviction by Judge

10   Schydlower on both of them.

11           MR. MONCAYO:  Yes, sir.

12           THE COURT:  He, too, has a revocation pending.

13           MR. MONCAYO:  Yes, sir.

14           THE COURT:  He was out two weeks also before he tried

15   to come back, so what did you want to say on behalf of

16   Mr. Solis?

17           MR. MONCAYO:  Your Honor, as to Mr. Solis, he's -- I'm

18   sorry, excuse me, Your Honor.

19           He does have again the same thing, Your Honor, as the

20   Court already noted, a prior 1325.  He only -- Your Honor,

21   Mr. Solis only came here to work as did everybody else, and I'm

22   sure this Court has heard that many times, Your Honor.  It

23   doesn't justify it, but it does give a reason that the economic

24   situation in Mexico is so dire, Your Honor, that they're

25   willing to go ahead and try to come over again, Your Honor.

1         Mr. Solis has been in custody again for over two and a

2    half months, Your Honor, and Mr. Solis is looking at a

3    sentence -- so he's already served half -- more than half of

4    his sentence, Your Honor.  There's nothing more, the Defense

5    believes, that could be served by him staying in jail longer,

6    Your Honor, so based on those circumstances and those matters,

7    Your Honor, we're asking the Court for a sentence of time

8    served or in the alternative supervised release [sic].

9         THE COURT:  Mr. Luna, do you wish to say anything

10   before I pronounce sentence?

11        THE DEFENDANT:  Yes, sir.  I would like to ask for

12   forgiveness from Your Honor and from the United States for

13   having entered illegally.  And I also promise not to do this

14   again.  What I did was out of need, out of necessity.  I think

15   like everybody else that comes here, we're just looking to make

16   a little bit more money because in Mexico our jobs are not able

17   to support our needs and that's the reason I did this.

18        Also I would like to ask if Your Honor is willing

19   to -- for a sentence of time served and to say that although I

20   live with my parents, I do have to work for them and I

21   understand that now -- I now understand that by being locked up

22   here I'm no good to anybody.

23        THE COURT:  Mr. Solis, do you wish to say anything

24   before I pronounce sentence, sir?

25        THE DEFENDANT:  Yes, sir.  I would like to ask

1  Your Honor to forgive me and for forgiveness from the

2  United States, and I want to promise that I won't do this

3  again.  I did this because I have a son that's ill and I was

4  just looking to get the best for him.

5        THE COURT:  It is the order of the Court that the

6  Defendant, Arturo Luna-Dominguez and the Defendant, Samuel

7  Solis-Ojeda, each is hereby placed on a term of non-reporting

8  probation for a period of four years.

9        While on non-reporting probation, each shall comply

10 with the standard conditions adopted by the Court.

11       Each is not to enter or attempt to enter the

12 United States without proper authorization.

13       I'm not going to order a fine.

14       MR. SKILLERN:  Your Honor, the Government moves to

15 remit the special assessment as to all Defendants.

16       THE COURT:  The assessment is remitted as to both

17 Defendants.

18       Now, as for Mr. Diaz, Mr. Moncayo --

19       MR. MONCAYO:  Yes, sir.

20       THE COURT:  -- what do you wish to say on behalf of

21 Mr. Diaz?

22       MR. MONCAYO:  Your Honor, just again with Mr. Diaz,

23 Your Honor, being from Chiapas, I've spoken to him.  I had to

24 ask him about that because I've basically wanted to know about

25 that location, but in everything, Your Honor, it saddens me to

1  know that where he -- that area also, the consequences [sic]

2  there are very bad, Your Honor, and yes, Your Honor, the Court

3  is aware that Mr. Diaz has a prior illegal entry back in 2011

4  which is basically more than six years ago.

5        On top of that, Your Honor, he has 65 days.  He served

6  those days and came back, Your Honor, but as -- only six years

7  later.  Your Honor, Mr. Diaz came back with the hopes of trying

8  to make -- get some work done, find some work to try to sustain

9  himself and his family, Your Honor.

10        We are asking that the Court take these matters into

11  consideration and ask for a sentence of time served or in the

12  alternative supervised release.  Thank you.

13        THE COURT:  You mean probation?

14        MR. MONCAYO:  Probation.  Sorry, Your Honor.

15        THE COURT:  Mr. Diaz, do you wish to say anything

16  before I pronounce sentence, sir?

17        THE DEFENDANT:  Well, the thing is that there's no

18  work in Chiapas.  I have a family to support there and there's

19  not much work there to be able to do that.  I just want to be

20  able to go back to Chiapas.  I'll be going back to Chiapas.

21        THE COURT:  Do you wish to speak on behalf of

22  Ms. Bautista, Mr. Moncayo?

23        MR. MONCAYO:  Yes, Your Honor.  Ms. Bautista,

24  Your Honor, has a prior 1325.  She served eight days,

25  Your Honor.  And -- but, again, Your Honor, Ms. Bautista, as

1    other people before her, came to find work.  She did not come

2    with any intention to do anything but work and hopefully trying

3    to provide for her four children, Your Honor.  This is a brave

4    woman who came in the hopes of trying to, against all odds, to

5    try to provide for her children, Your Honor.  That should not

6    be something frowned up; however, in this nation, we are a

7    nation of laws; she understands that.  She understands she

8    violated those laws and she has given her word she will not

9    return, Your Honor.  We're asking the Court to take these

10   matters into consideration and ask for a sentence of time

11   served.

12          THE COURT:  Ms. Bautista, before I pronounce sentence,

13   do you wish to say anything, ma'am?

14          THE DEFENDANT:  No.

15          THE COURT:  It is the order of the Court that the

16   Defendant, Pedro Diaz-Diaz and the Defendant, Irma

17   Bautista-Garcia, each is hereby placed on a term of

18   non-reporting probation for a period of three years.

19          While on non-reporting probation, each shall comply

20   with the standard conditions adopted by the Court.

21          They're not to enter or attempt to enter the

22   United States without proper authorization.

23          I'm not going to order a fine.

24          The assessment is remitted as to all four Defendants

25   and you may be excused.

1            We'll be in recess.

2            MR. MONCAYO:  Thank you, Your Honor.

3        (Proceedings concluded 11:11 AM.)

4                          *  *  *  *  *

5

6

7

8

9

10                       CERTIFICATION

11

12      I certify that the foregoing is a correct transcript from

13  the record of proceedings in the above-entitled matter.  I

14  further certify that the transcript fees and format comply with

15  those prescribed by the Court and the Judicial Conference of

16  the United States.

17

18  Date:  January 22, 2019

19                              /s/ Maria del Socorro Briggs

20                              Maria del Socorro Briggs

21

22

23

24

25

# EXHIBIT B

1 | **ERIC S. FISH**
California State Bar No. 280992
2 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 | San Diego, California 92101-5030
Telephone: (619) 234-8467
4 | Facsimile: (619) 687-2666
Eric_Fish@fd.org
5 |
Attorneys for Irma Bautista-Garcia
6 |

7 | UNITED STATES DISTRICT COURT

8 | SOUTHERN DISTRICT OF CALIFORNIA

9 |

10 | UNITED STATES OF AMERICA, | CASE NO.: **19CR00310-WQH**

11 | Plaintiff,

| **DECLARATION OF IRMA BAUTISTA-GARCIA**
12 | v.

13 | **IRMA BAUTISTA-GARCIA**,

14 | Defendant.

15 |

16 | **DECLARATION OF IRMA BAUTISTA-GARCIA**

17 | I, Irma Bautista-Garcia, the defendant in this case, hereby declare the

18 | following under penalty of perjury:

19 | 1.   My native language is Triqui Bajo, which is spoken in the village of

20 | Putla De Guerrero, Oaxaca, Mexico. Growing up I spoke Triqui almost exclusively.

21 | 2.   I can express and understand basic ideas in Spanish. However I do not

22 | understand legal concepts in Spanish, and I cannot understand Spanish when it is

23 | spoken quickly.

24 | 3.   I did not go to school past elementary school as a child, because no

25 | school was available in the town where I grew up.

26 | 4.   In 2018, I was sentenced to 3 years of probation in the Western District

27 | of Texas in case number 18-CR-2599.

28 |

1      5.    When the judge sentenced me in that 2018 case, the proceeding
2 happened entirely in English and Spanish. There was no Triqui interpreter.

3      6.    At the 2018 sentencing hearing I did not understand that I was
4 sentenced to probation, or what probation means.

5      7.    I have executed this declaration with the assistance of a Triqui Bajo
6 interpreter.

7

8

9

10   **Executed on:** February 20, 2019    By: _____

11                                     IRMA BAUTISTA-GARCIA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19CR00310-WQH

DECLARATION OF IRMA BAUTISTA-GARCIA

# EXHIBIT C

MONICA DE JESUS RAMIREZ
7 Oxford Drive Apartment #15
Latham, New York 12110
Telephone: (518) 505-2454
E-mail: Monicadr2003@gmail.com

Triqui Interpreter for Irma Bautista-Garcia

My name is Monica De jesús Ramirez, an UALbany Alumni who studied Criminal Justice and Psychology. Also a speaker for the Triqui Language Group http://www.lingdomain.org/triqui-language-working-group.html Additionally, the Founder and President of Triquis sin Fronteras UAlbany. I am fluent in Triqui Bajo/Copala, Spanish and English. Since 2010, people in the community especially the Department of Justice in the United States of America relied on my expertise as an interpreter and translator.  These services are being rendered anywhere (jail, prison, hospital, school, doctor's office, event, etc.) and anytime upon my availability as an Independent Contractor.

## EVALUATION OF **IRMA BAUTISTA-GARCIA**

Irma Bautista-Garcia, the defendant in case no.: **19CR00310-WQH** is fluent in Triqui Bajo and can have a conversation for more than five minutes, but not in Spanish – especially when it includes legal terminology, it is spoken quickly, and meaning of legal and non-legal words. When she speaks in Spanish, she pauses, thinks and responds to the question more often then in Triqui Bajo.

By: Monica De jesus Ramirez